**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| TORY BROWN, Individually, and as Representative of the ESTATE OF TONY RAY BROWN, Deceased; and BIANCA BOSTICE, as Next Friend of TY, R. B., a Minor, and TR. R.B, a Minor, § § § § § § § | | |
| *Plaintiffs*, § | CASE NO.: | |
| § § | | |
| vs. § § § | | |
| FCA US LLC § § | | |
| *Defendant*. § | DALLAS DIVISION | |

## FCA US LLC's NOTICE OF REMOVAL

FCA US LLC ("FCA US") files its Notice of Removal and respectfully submits itself to this Court's original jurisdiction over the claims set forth in Plaintiffs' Original Petition in the 95th Judicial District of Dallas and, though FCA US has provided two bases for this Court's original jurisdiction, the Court's inquiry should end with 28 U.S.C. §§ 1441 and 1446, as complete diversity exists over the parties in this matter involving an amount in controversy greater than $75,000.

Pursuant to the terms and provisions of 28 U.S.C. §§ 1441 and 1446, FCA US LLC, Defendant in the above-captioned case, originally pending as DC-19-05540 in the 95th Judicial District for the County of Dallas, files this Notice of Removal to the United States District Court for the Northern District of Texas.

Alternatively, FCA US LLC ("FCA US") hereby removes to this Court in accordance with 28 U.S.C. § 1452. Plaintiffs' claims against FCA US concern the design, manufacture, and sale of a 2008 Dodge Charger ("subject vehicle"). However, FCA US did not design, manufacture, or sell

the subject vehicle and FCA US is not a successor of any entity that did. Rather, FCA US purchased assets of Chrysler LLC, a bankrupt entity, which was the successor-in-interest to the manufacturer of the subject vehicle. Any potential liability of FCA US for Plaintiffs' claims relating to the subject vehicle, if proved, would arise solely from the terms of orders of the Bankruptcy Court, which approved the asset purchase and set forth the limited liabilities contractually assumed by FCA US. Accordingly, because the interpretation and enforcement of the Bankruptcy Court's orders are at issue, this civil proceeding arises under title 11 – the United States Bankruptcy Code – or arises in or relates to a case under title 11. This Court, therefore, has original jurisdiction over the Action under 28 U.S.C. § 1334(b), and the Action is removeable to this Court under 28 U.S.C. § 1452(a).

It is important to note that the Court's jurisdiction with this respect to this particular bankruptcy issue is not novel. The United States District Court for the Eastern District of Texas very recently issued a Memorandum Opinion denying a plaintiff's motion to remand and agreeing to exercise jurisdiction over a products liability case filed in Texas state court against FCA US involving a pre-bankruptcy vehicle. A copy of the Court's Memorandum and Order in that matter is attached as <u>Exhibit 1</u> for the Court's consideration.

## I.
## BACKGROUND

This case arises from a two-vehicle collision that occurred around 8:21 A.M. on June 26, 2017. While investigation into this crash is just beginning, upon information and belief Tory Brown's vehicle, a 2008 Dodge Charger was stopped/disabled and remained in the left lane of an Interstate Highway 30 ramp that connects it with Interstate Highway 35. Elijah Richard, driving a 1999 Dodge Ram truck, struck the rear of Brown's vehicle. Plaintiffs allege Brown died as a result of the crash. Plaintiffs subsequently filed a lawsuit against FCA US on April 18, 2019, alleging

claims of strict liability and negligence. FCA US was served with process on April 22, 2019, and subsequently filed this timely Notice of Removal.

## II.
## FIRST BASIS FOR REMOVAL

This case is removable to this Court under 28 U.S.C. § 1441 because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(3), based on diversity of citizenship and an amount-in-controversy exceeding $75,000, exclusive of interest and costs. According to their Original Petition, Plaintiffs seek damages in excess of $1,000,000. Upon information and belief, at the time of filing this suit, Plaintiff Tory Brown is a citizen and resident of Collin County, Texas and Plaintiff Bianca Bostice is a citizen and resident of Tarrant County, Texas.[1] *See Plaintiffs' Original Petition*, at 1. At the time of the filing of this suit and at present, Defendant FCA US was and is a Delaware corporation with its principal place of business located in the State of Michigan. While a second basis for removal exists, and discussed in detail below, the Court need not undertake any further analysis because the case is removable based on diversity jurisdiction alone.

## III.
## SECOND BASIS FOR REMOVAL

Alternatively, Federal district courts have original jurisdiction over "all civil proceedings arising under title 11 or arising in or related to cases under title 11."[2] Wherever federal jurisdiction exists under Section 1334, a "party may remove any claim or cause of action . . . to the district court where such civil action is pending."[3]

Under Section 1334, proceedings "arising under" title 11 involve causes of action "created

---

[1] See Plaintiffs' Original Petition, attached hereto as Exhibit 2, at 1.

[2] 28 U.S.C. § 1334(b); Wellness Wireless, Inc. v. Infopia Am., LLC, 606 F. App'x 737, 739 (5th Cir. 2015).

[3] 28 U.S.C. § 1452(a).

or determined by a statutory provision of title 11."[4] Similarly, proceedings "arising in" bankruptcy cases are proceedings that "would have no existence outside of the bankruptcy."[5] Proceedings that "arise under" title 11 or "arise in" a bankruptcy case are also known as "core proceedings."[6]

A proceeding is said to more broadly "relate to" a bankruptcy proceeding under Section 1334 when "the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy."[7]

For the reasons that follow, federal jurisdiction exists because this case arises under and relates to the bankruptcy case of In re Old Carco LLC (f/k/a Chrysler LLC).

A.  **The Claims and Plaintiffs' Improper Attempt to Hold FCA US Liable for the Acts or Omissions of a Bankrupt Entity.**

Plaintiffs filed this Action on April 18, 2019 in the 95th Judicial District Court of Dallas County, Texas.[8] FCA US first received a copy of Plaintiffs' Original Petition on April 22, 2019.[9]

The Petition alleges that Decedent Tony Ray Brown was killed in a two-vehicle motor vehicle accident that occurred on June 26, 2017 in Dallas, Dallas County, Texas.[10] According to Plaintiffs, at the time of the crash Brown's Dodge Charger was disabled in the left lane of an Interstate Highway 30 ramp that connects it with Interstate Highway 35.[11] At the same time, Elijah

---

[4] In re Wood, 825 F.2d 90, 96 (5th Cir. 1987) (citation omitted).

[5] Id. at 97.

[6] Stern v. Marshall, 564 U.S. 462, 476 (2011); see also In re Wood, 825 F.2d at 97.

[7] In re Galaz, 665 F. App'x. 372, 375 (5th Cir. 2016) (citations omitted).

[8] See Plfs.' Original Pet. at 1, attached as Ex. 2.

[9] See Return of Service and Citation, attached as Ex. 13.

[10] Ex. 2 at ¶ 5.01.

[11] See Ex. 3, Texas Peace Officer's Crash Report, at 4 (Report Narrative).

Richard was operating his vehicle in the same lane. Richard collided with the subject Charger and killing Brown.[12] Plaintiffs assert product liability claims against FCA US individually, as representatives of the estate, and as next friend of Brown's minor children. Plaintiffs allege FCA US "designed, tested, manufactured, constructed, marketed, distributed, sold, and/or placed in the stream of commerce by and through the agents and/or representatives of FCA."[13] Plaintiffs further allege the "subject 2008 Dodge Charger was unreasonably dangerous and defective as designed and manufactured."[14] Plaintiffs assert claims against FCA US for strict liability and negligence.[15]

Contrary to Plaintiffs' claims, FCA US did <u>not</u> design, develop, test, manufacture, assemble, market, distribute, or sell the subject 2008 Dodge Charger as FCA US did not exist until April 30, 2009.[16] Nor, for purposes of establishing liability in a products liability case, is FCA US a successor of any entity that did.[17] Rather, FCA US purchased assets of Chrysler LLC, a bankrupt entity, which was the successor-in-interest to the manufacturer of the 2008 Dodge Charger.[18] Accordingly, FCA US's liability for claims relating to the 2008 Dodge Charger, if any, would arise solely out of the asset purchase agreement approved by the Bankruptcy Court.[19]

---

[12] Ex. 2. at ¶ 5.01.

[13] Id. at ¶ 6.01.

[14] Id. at ¶ 6.07.

[15] Id. at VI..

[16] See Certificate of Formation, attached as Ex. 4.

[17] See Order of June 1, 2009, In re Chrysler LLC, Case No. 09-50002, attached as Ex. 5, at 40, ¶ 35.

[18] See id. The manufacturer of the vehicle that is the subject of this Action is Chrysler Corporation. In 1998, the name of Chrysler Corporation was changed to DaimlerChrysler Corporation. In 2007, DaimlerChrysler Corporation was converted to a limited liability company and renamed DaimlerChrysler Company LLC. DaimlerChrysler Company LLC was later renamed Chrysler LLC.

[19] White v. FCA US, LLC, 579 B.R. 804, 811 (E.D. Mich. 2017) ("Were it not for the MTA, the plaintiffs would have to bring their claim as an adversary proceeding in Old Chrysler's bankruptcy case.").

B.     **The 2009 Chrysler LLC ("Old Chrysler") Bankruptcy**

On April 30, 2009, Chrysler LLC (subsequently named Old Car LLC) and 24 of its affiliated entities (collectively, "the Debtors" or "Old Chrysler"), filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York.[20] On May 19, 2009, the Debtors and a newly formed independent entity, now known as FCA US,[21] entered into a Master Transaction Agreement ("MTA"). Under the terms of the MTA, FCA US purchased substantially all of the Debtors' assets but assumed only *certain* of their liabilities.[22]

The Bankruptcy Court approved the MTA and the sale by entering its Sale Order of June 1, 2009, which authorized the sale of substantially all of the Debtors' assets free and clear of all liens, claims, interests, and encumbrances.[23] The asset sale to FCA US closed on June 10, 2009.

In the Sale Order, the Bankruptcy Court limited the liability of FCA US to only those liabilities of the Debtors that were expressly assumed. With limited exceptions, FCA US did not assume liability "for any claim that . . . relates to the production of vehicles prior to the Closing Date or [] otherwise is assertable against the Debtors or is related to the Purchased Assets prior to the closing date."[24] Additionally, FCA US was *not* to be a legal successor or a continuation of, and did not merge with, the bankruptcy Debtors.[25] The Bankruptcy Court specifically ordered that FCA US would "not have any successor, derivative or vicarious liabilities of any kind . . . for any

---

[20] In re Old Carco LLC (f/k/a Chrysler LLC), Case No. 09-50002 (Bankr. S.D.N.Y.).

[21] The party to the MTA was New Carco Acquisition LLC. On June 10, 2009, New Carco Acquisition LLC changed its name to Chrysler Group LLC. Effective December 15, 2014, Chrysler Group LLC changed its name to its current one, FCA US LLC—the party filing this notice of removal.

[22] See Master Transaction Agreement, selected portions attached as Ex. 6.

[23] See Order of June 1, 2009, Ex. 5.

[24] Order of June 1, 2009, Ex. 5, ¶ 35.

[25] Id.

Claims, including . . . products or antitrust liability."[26]

On November 19, 2009, the Bankruptcy Court entered another order approving an amendment to the MTA that modified the scope of FCA US's assumed liabilities and expressly insulated FCA US from liability for "any claim for exemplary or punitive damages."[27]

**C.     This Court has jurisdiction under 28 U.S.C. § 1334(b) because the Action "arises under" title 11 or "arises in" a bankruptcy case.**

As noted, the district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[28] Cases that involve the interpretation of a bankruptcy order arise under title 11 and are considered core proceedings.[29]

Relatedly, bankruptcy courts themselves have the power and jurisdiction to interpret and enforce their own orders.[30] This is true even if the underlying bankruptcy case has closed.[31] Accordingly, in this case, the Bankruptcy Court expressly retained jurisdiction "to interpret, implement and enforce the terms and provisions" of its Sale Orders "including to . . . protect the

---

[26] Id.

[27] Order of Nov. 19, 2009, In re Chrysler LLC, Case No. 09-50002 (Bankr. S.D.N.Y.), attached as Ex. 7. As used in this Notice of Removal, the Bankruptcy Court's June 1, 2009 Sale Order (approving the MTA) and November 19, 2009 Order (approving Amendment No. 4 to the MTA) are referred to collectively as "Sale Orders."

[28] 28 U.S.C. § 1334(b).

[29] In re Martinez, No. 00-40412, 2000 WL 34508398, at *1 (5th Cir. Oct. 5, 2000); see also In re Allegheny Health, Educ. and Research Found., 383 F.3d 169, 175–76 (3rd Cir. 2004) (upholding determination "that the suit was a core proceeding because it required the court to interpret and give effect to its previous sale orders"); In re Millennium Sea Carriers, Inc., 458 F.3d 92, 95 (2nd Cir. 2006) (holding that a request for the bankruptcy court to enforce a sale order constitutes a core proceeding); see also In re Karykeion, Inc., No. 12-1363, 2013 WL 1890626, at *3 (B.A.P. 9th Cir. May 6, 2013) (holding that "as this adversary proceeding turned on the interpretation of agreements approved by and incorporated into a [bankruptcy] sale order, it was a core matter").

[30] Travelers Indem. Co. v. Bailey, 557 U.S. 137, 151 (2009); In re Franklin, 802 F.2d 324, 326 (9th Cir. 1986) ("Simply put, bankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of monitoring whether those orders are ultimately executed in the intended manner.").

[31] In re Williams, 256 B.R. 885, 892 (8th Cir. 2001) ("It is also well established that bankruptcy courts retain jurisdiction after a case has been dismissed or closed to interpret or enforce previously entered orders.").

Purchaser [FCA US] against any Claims."[32] The Bankruptcy Court also expressly retained jurisdiction "over all matters or disputes arising out of or in connection with" its subsequent Order approving Amendment No. 4 to the MTA.[33] However, before a bankruptcy court can assume jurisdiction over a state-law action as described above, the action must first be removed to the federal district court encompassing the state court venue pursuant to § 1334(b).[34]

As noted above, contrary to Plaintiffs' allegations, FCA US did not design, develop, manufacture, inspect, test, sell, market, or distribute the 2008 Dodge Charger. Rather, the subject vehicle was designed and sold by the now-defunct Chrysler Corporation before FCA US came into existence.[35] Plaintiffs ostensibly seek to impose liability upon FCA US for alleged actions that, if true, would be properly attributable to the bankrupt Debtors.[36] But for the Bankruptcy Court's issuance of the Sale Orders, no basis would exist for *any* claim to be asserted against FCA US for *any* liabilities incurred by the bankrupt Debtors.[37] Accordingly, any claims Plaintiffs assert against FCA US for the alleged actions of the bankrupt Debtors necessarily implicate and require judicial interpretation of the Sale Orders entered in In re Old Carco LLC (f/k/a Chrysler LLC).

Indeed, interpretation of the very Sale Orders at issue in this case has been found to constitute a "core proceeding" arising in the bankruptcy by the Bankruptcy Court for the Southern District of New York – the court that issued those orders.[38]

---

[32] See Order of June 1, 2009, Ex. 5, ¶ 59.

[33] See Order of Nov. 19, 2009, Ex. 7, ¶ 2.

[34] See 28 U.S.C. § 157(a) ("Each district court may provide that any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.").

[35] See Certificate of Formation, Ex. 4.

[36] See Sale Orders, Exs. 5 & 7.

[37] Id.; White, 579 B.R. at 811. FCA US does not concede that the Sale Orders provide a basis for the specific claims asserted by Plaintiff in the present action.

[38] See Order Granting Defendant's Motion to Dismiss, Wolff v. Chrysler Group LLC, Ad. Proc. No. 10-05007 (Bankr. S.D.N.Y, J. Gonzalez, July 30, 2010) (Bankruptcy Court holding that a claim asserted against FCA US [then

Federal district courts around the country have also reached the same conclusion, finding that interpretation and enforcement of the Sale Orders constitutes a "core proceeding" subject to bankruptcy jurisdiction.[39]

Here, because any liability of FCA US derives from its purchase of assets from the bankruptcy estate of the subject vehicle's designer and manufacturer, Plaintiffs' case against FCA US arises under title 11 and arises in a bankruptcy case. Further, Plaintiffs assert claims against FCA US based on alleged acts or omissions regarding the design, manufacture, sale, and warnings of the 2008 Dodge Charger even though the MTA approved by the Bankruptcy Court expressly excludes liability of FCA US for the acts or omissions of Chrysler Corporation.[40] Moreover, any attempt by Plaintiffs to recover punitive damages from FCA US in this case is expressly barred by the Bankruptcy Court's approval of Amendment No. 4 to the MTA.[41]

---

known as Chrysler Group LLC] and removed from state court and transferred to the Bankruptcy Court was a core proceeding as it was "ancillary to the Sale Order"), attached as Ex. 8.

[39] See, e.g., Daniels v. FCA US, LLC, No. 4:17-02300-AMQ, 2018 WL 3587004, at *5 (D.S.C. July 26, 2018) (finding jurisdiction proper under Section 1334(b) and denying remand because the plaintiff "would not have been able to assert [his claims] against FCA except for the bankruptcy"); White, 579 B.R. at 811 (finding that "the state case 'arises in' and 'relates to' the bankruptcy, because (1) FCA did not exist when the 2003 Jeep was made and was not the entity that designed or manufactured the Jeep; (2) FCA's liability for the claims pleaded in the complaint necessarily derives from the bankruptcy sale agreement and order confirming that sale that was entered in the bankruptcy case; and (3) in order for the case to proceed at all, the plaintiff must begin by showing that FCA assumed liability for the claims pleaded"); Powell v. FCA US LLC, No. 3:15-cv-393, 2015 WL 5014097, at *4 (M.D. Ala. Aug. 21, 2015) ("Before any court considers the merits of the case, it will first have to interpret the scope of the Sale Order as applied to the Plaintiffs' claims. Therefore, the court finds that the case 'arises in' a bankruptcy case and that it is a core proceeding. There is proper jurisdiction under § 1334(b) [and] removal was proper under § 1452[.]"); Martin v. Chrysler Group LLC, No. 6:12-cv-00060, 2013 WL 5308245, at *4 (W.D. Va. Sept. 20, 2013) (finding that bankruptcy jurisdiction existed because the plaintiffs' claims "would not exist 'but for' the Sale Order"); Quesenberry v. Chrysler Group, LLC, No. 12-cv-480-ART, 2012 WL 3109431, at *4 (E.D. Ky. July 31, 2012) (finding case to be a core proceeding because it involved "the interpretation and enforcement of the Bankruptcy Court's Sale Order and Purchase Agreement"); Monk v. Chrysler Group, LLC, No. 1:09-cv-2511, 2009 WL 4730314, at *4–5 (N.D. Ga. Dec. 3, 2009) (finding that "[i]ssues raised in the present action require interpretation and application of the Sale Orders" and that "these threshold issues need to be resolved by the Bankruptcy Court").

[40] MTA, Ex. 6, § 2.09(j).

[41] Order of Nov. 19, 2009, Ex. 7 (providing that FCA US's assumptions of liability "do not include any claim for exemplary or punitive damages.").

Therefore, FCA US's liability, if any, for the claims plead in the Petition necessarily derives from the bankruptcy Sale Orders, and many of Plaintiffs' claims against FCA US are expressly barred by – and thus require interpretation of – those orders.[42]

**D.     This Court also has jurisdiction because the Action "relates to" a bankruptcy case.**

Federal district courts' "jurisdiction over proceedings 'related to' the bankruptcy case is quite broad."[43] Thus, even if this case were not held to directly "arise in" the bankruptcy proceedings, Section 1334(b) would still confer federal jurisdiction over this case as it inarguably "relates to" a bankruptcy case.

A case is "related to a bankruptcy proceeding if 'the outcome could *conceivably* have any effect on the estate being administered in bankruptcy."[44] Here, Plaintiffs seek to hold FCA US accountable for alleged defects in a vehicle that was designed and manufactured by Chrysler Corporation. The Sale Orders act to transfer only certain liabilities of the manufacturer to FCA US. Were it not for the Sale Orders, Plaintiffs would have to bring their claims as an adversary proceeding in the bankruptcy case, and a successful judgment would merely make Plaintiffs unsecured creditors of the bankruptcy estate's assets.[45]

---

[42] See, e.g., Minute Entry Granting Judgment on Pleadings, Mares v. Chrysler Group, LLC, No. GC044931 (Super. Ct. Cal. Oct. 5, 2012) (finding that "a plain reading" of the MTA and its amendments "excludes liability for negligence" and dismissing claims for negligent product liability, failure to warn, failure to recall, and negligent infliction of emotional distress), attached as Ex. 9; Memorandum Decision Granting Defendant's Motion for Summary Judgment, Ricks v. New Chrysler Group LLC, Ad. Proc. No. 12-09801-SMB (S.D.N.Y. Bankr. May 2, 2013) ("New Chrysler did not assume any liabilities based on fraud or fraudulent practices . . . ."), attached as Ex. 10; Dearden v. FCA US LLC, No. 5:16-cv-00713-JFL, 2017 WL 1190980, *3 (E.D. Pa. March 31, 2017) (holding that determination of whether the plaintiff's "punitive damages request is barred by the bankruptcy court's orders necessarily requires interpretation of the Sale Order" and finding that FCA US "expressly excluded liability for punitive damages" in cases involving vehicles manufactured and sold by Old Chrysler).

[43] In re Greektown Holdings, LLC, 728 F.3d 567, 577 (6th Cir. 2013) (citing Celotex Corp. v. Edwards, 514 U.S. 300, 307–08 (1995).

[44] In re Galaz, 665 F. App'x 372, 375 (5th Cir. 2016) (citations omitted).

[45] See White, 579 B.R. at 811 ("The plaintiffs here seek to hold FCA accountable for defects in a vehicle that was manufactured by Old Chrysler. Were it not for the MTA, the plaintiffs would have to bring their claim as an adversary proceeding in Old Chrysler's bankruptcy case. A successful judgment likely would make the plaintiffs

Therefore, a threshold question underlying all of Plaintiffs' claims against FCA US in this litigation is whether the Bankruptcy Court ordered FCA US to assume the specific liabilities that Plaintiffs assert as to the specific vehicle described in Plaintiffs' Original Petition. Regardless of the answer, the question itself requires the Court to construe the Bankruptcy Court's Sale Orders. The Court's construction, in turn, will necessarily have an effect on the bankruptcy estate. Accordingly, this Court has jurisdiction because Plaintiffs' claims "relate to" the bankruptcy case of In re Old Carco LLC (f/k/a Chrysler LLC).

In sum, the fact that FCA US could be liable for alleged defects in a Chrysler Corporation vehicle, if at all, *only* because of the bankruptcy means this case arises under title 11, arises in a bankruptcy case, or relates to a bankruptcy case. This Court therefore has original jurisdiction under 28 U.S.C. § 1334(b). Further, this Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of all other claims asserted in Plaintiffs' Petition because they all involve a "common nucleus of operative fact."[46] Removal to this Court is therefore proper under 28 U.S.C. § 1452.

### III.
### REMOVAL IS TIMELY

Pursuant to 28 U.S.C. § 1446, FCA US filed this Notice of Removal within thirty days of itsreceipt by service of the Summons and Complaint on April 22, 2019. Less than one year has passed since the commencement of the action in state court on April 18, 2019.

### IV.
### VENUE

The Northern District of Texas is a proper venue for this action pursuant to 28 U.S.C. §

---

unsecured creditors of Old Chrysler, who would share with other such creditors in the estate's assets, if any.")

[46] In re TXNB Internal Case, 483 F.3d 292, 301 (5th Cir. 2007) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)); see also 28 U.S.C. § 1367 ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

1441(a).

## V.
## NOTICE OF REMOVAL TO STATE COURT

FCA US has filed a Notice of Filing in the 95th Judicial District Court for the County of Dallas, simultaneously with/or immediately after the filing of this Notice of Removal. A copy of the Notice is attached.

## VI.
## LOCAL RULE CV-81

Pursuant to Northern District Local Rule 81.1, FCA US provides the following:

(1)  Civil cover sheet, certified copy of state court docket sheet, all pleadings, answers, orders, and process served upon the removing party as required by 28 U.S.C. § 1446(a).[47]

(2)  A certificate of interested persons that complies with Local Rule 3.2(e).

In their Original Petition, Plaintiffs demanded this cause be tried by a jury.[48] The FCA US hereby demands that a jury be empaneled to try the facts and issues of this cause.

## VI.
## PRAYER

WHEREFORE, the United States District Court for the Northern District of Texas has original jurisdiction of this matter under the diversity statute and pursuant to 28 U.S.C. § 1334(b), and the Action is removable to this Court under 28 U.S.C. § 1452(a). Removal is timely, and all formal requirements for removal jurisdiction have been met. FCA US LLC respectfully removes this Action from the 95th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas for all future proceedings. As a result, FCA US

---

[47] FCA US LLC attached the following: Civil cover sheet (Exhibit 15), Supplemental cover sheet (Exhibit 16), State Court Docket Sheet (Exhibit 11), Return of Service and Citation (Exhibit 13), Plaintiff's Original Petition (Exhibit 2), Plaintiffs' Demand for Jury (Exhibit 12), and FCA US LLC's Original Answer (Exhibit 14).

[48] See Ex. 2, at 7.

LLC respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law, and grant such further relief, both at law and in equity, to which FCA US LLC may be justly entitled.

DATED this 20th Day of May, 2019.

        Respectfully Submitted,

*/s/ Kurt C. Kern*
**KURT C. KERN – Attorney-in-Charge**
State Bar No. 11334600
Kurt.Kern@bowmanandbrooke.com
**TANYA B. SCARBROUGH**
State Bar No. 24049268
tanya.scarbrough@bowmanandbrooke.com
**ALEXANDER J. PENNETTI**
State Bar No. 24110208
Alex.pennetti@bowmanandbrooke.com

**BOWMAN AND BROOKE LLP**
5830 Granite Parkway, Suite 1000
Plano, TX 75024
Telephone:    972.616.1700
Facsimile:    972.616.1701

**ATTORNEYS FOR DEFENDANT FCA US LLC**

## CERTIFICATE OF SERVICE

On May 20, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

    */s/ Kurt C. Kern*
    Kurt Kern