# EXHIBIT 1

| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| JUANA MARTINEZ-GARCIA *individually and on behalf of Mauricio Cordoba-Gomez, deceased*, §§§§<br><br>Plaintiff, §§<br><br>*versus* §§<br><br>FCA US LLC, *et al.*, §§§<br><br>Defendants. § | CIVIL ACTION NO. 1:18-CV-582 |

## MEMORANDUM AND ORDER

Pending before the court is Plaintiff Juana Martinez-Garcia's ("Martinez-Garcia") Motion to Remand to State Court (#3), wherein Martinez-Garcia contends that remand is mandatory because this court lacks subject matter jurisdiction, or, in the alternative, that the court should abstain from exercising jurisdiction pursuant to 28 U.S.C. § 1334(c)(2). Having considered the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is not warranted.

I.  Background

   A.  The Incident

This case arises from a vehicle collision that occurred in the southbound lanes of US Highway 69 in Port Arthur, Texas. Martinez-Garcia contends that Mauricio Corbado-Gomez ("Mauricio"), her deceased husband, was driving a 1998 Jeep Cherokee ("Jeep") when he was rear-ended by Defendant Joseph Carney ("Carney"). Martinez-Garcia maintains that immediately following the collision, the Jeep caught fire and was engulfed in flames which eventually killed Mauricio, who was unable to exit the Jeep. Martinez-Garcia avers that the Jeep was designed and

manufactured with the gas tank mounted behind the vehicle's rear axle, creating an increased likelihood of fire and death following rear-impact collisions and rendering the design unreasonably dangerous. On September 24, 2018, Martinez-Garcia filed suit in the 60th Judicial District Court of Jefferson County, Texas, alleging negligence against Carney; design defect, marketing defect, negligence, gross negligence, negligent misrepresentation, breach of implied warranty, intentional fraud, civil conspiracy, and violations of the Texas Deceptive Trade Practices and Consumer Protection Act ("DTPA") against Defendant FCA US LLC ("FCA"); and breach of fiduciary duty against Judson Estes ("Estes") and Michael Teets ("Teets"), two FCA engineers who allegedly designed the Jeep.

B.   FCA's Potential Liability

It is undisputed that FCA did not design, develop, manufacture, assemble, market, or sell the Jeep. In fact, FCA did not exist until April 2009. Rather, the Jeep was designed and manufactured by Chrysler Corporation. After several name changes and conversions, Chrysler Corporation became Old CarCo LLC ("CarCo"). On April 30, 2009, as a result of the 2008 economic recession, CarCo filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code. *See In re Old Carco LLC*, 424 B.R. 633, 636 (Bankr. S.D.N.Y. 2010). On May 19, 2009, CarCo and FCA entered into a Master Transaction Agreement ("MTA"), whereby FCA purchased substantially all of CarCo's assets and assumed certain liabilities. The MTA was approved by the bankruptcy court and subsequently amended numerous times. One such amendment, Amendment Number 4, expanded the liabilities expressly assumed by FCA to include "product liability claims" arising from certain vehicles manufactured before the asset sale that are involved in accidents occurring after the asset sale. Amendment Number 4, however, contains several exclusions,

2

including an exclusion for exemplary or punitive damages. On November 19, 2009, the Bankruptcy Court approved Amendment Number 4. The parties agree that FCA is liable to Martinez-Garcia only if it expressly assumed liability for her claims pursuant to Amendment Number 4.

II. Analysis

   A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Hotze v. Burwell*, 784 F.3d 984, 999 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1165 (2016); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (citations omitted). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.) (citing *Kokkonen*, 511 U.S. at 377), *cert. denied*, 534 U.S. 993 (2001); *see Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Clayton v. ConocoPhillips Co.*, 722 F.3d 279, 290 (5th Cir. 2013), *cert. denied*, 571 U.S. 1156 (2014). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004); *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015).

3

"28 U.S.C. § 1334(b) explicitly grants 'the district courts . . . original but not exclusive jurisdiction of all civil proceedings arising under [t]itle 11, or arising in or related to cases under title 11.'" *Wellness Wireless, Inc. v. Infopia Am., L.L.C.*, 606 F. App'x 737, 739 (5th Cir. 2015) (quoting 28 U.S.C. §1334(b)). "A proceeding is 'related to' a bankruptcy if 'the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *In re Bass*, 171 F.3d 1016, 1022 (5th Cir. 1999) (quoting *Walker v. Cadle Co. (In re Walker)*, 51 F.3d 562, 569 (5th Cir. 1995)); *see Passmore v. Baylor Health Care Sys.*, 823 F.3d 292, 296 (5th Cir. 2016); *In re KSRP, Ltd.*, 809 F.3d 263, 266 (5th Cir. 2015); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 386 (5th Cir. 2010). Section 1334(b) "is to be read as a broad grant of jurisdiction." *In re Majestic Energy Corp.*, 835 F.2d 87, 90 (5th Cir. 1988); *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987). While § 1334(b) provides jurisdiction, § 1334(c) "grants the district court broad power to abstain whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for State law.'" *In re Wood*, 825 F.2d at 93 (quoting 28 U.S.C. § 1334(c)(1)).

Here, FCA's liability, if any, arises solely from its express assumption of liability for certain claims in the MTA. "Were it not for the MTA, the plaintiffs would have to bring their claim as an adversary proceeding in [CarCo's] bankruptcy case." *White v. FCA US, LLC*, 579 B.R. 804, 811 (E.D. Mich. 2017). The MTA contains numerous exceptions to successor liability. To succeed on its claims against FCA, Martinez-Garcia must demonstrate that none of these exceptions applies. In deciding this issue, the court will be required to interpret and apply the terms of the MTA. Because adjudication of this case requires interpretation and application of the MTA, the case arises in or relates to a bankruptcy matter. *See In re Motors Liquidation Co.*, 829

F.3d 135, 153 (2d Cir. 2016) ("An order consummating a debtor's sale of property would not exist but for the Code"), *cert. denied sub nom. Gen. Motors LLC v. Elliott*, 137 S. Ct. 1813 (2017); *Daniels for Estate of Daniels v. FCA US, LLC*, No. CV 4:17-02300-AMQ, 2018 WL 3587004, at *5 (D.S.C. July 26, 2018); *Overton v. Chrysler Grp. LLC*, No. 2:17-CV-01983-RDP, 2018 WL 847772, at *5 (N.D. Ala. Feb. 13, 2018) ("Because Plaintiffs' claims implicate bankruptcy court orders that require interpretation, Plaintiffs' claims relate to the [CarCo] bankruptcy proceedings and subject matter jurisdiction exists."); *Martin v. Chrysler Grp., LLC*, 2013 WL 5308245 at * 4 (W.D. Va. Sep. 20, 2013) ("Plaintiffs' claims against Chrysler Group would not exist 'but for' the Sale Order entered in *In re Old Carco LLC* and thus, the instant matter 'arises in' the bankruptcy case and jurisdiction is proper under 28 U.S.C. § 1334(b).").

B. Abstention

Having determined that § 1334(b) provides the court with jurisdiction over this case, the court must next determine whether it should, nevertheless, abstain from resolving this matter. Martinez-Garcia maintains that abstention is mandatory under § 1334(c)(1) because the case is a non-core proceeding and, in the alternative, that this court should voluntarily abstain because the interest of justice and the interest of comity and respect for state law favor litigating this case in state court. FCA avers that interpretation of the MTA is a core proceeding and central to this case and, therefore, there is no basis for abstention.

1. Mandatory Abstention

When a preceding is "related to" a bankruptcy, the law requires that "upon timely motion of a party," the court must abstain from hearing:

> a proceeding based upon a State law claim or State law cause of action, related to
> a case under title 11 but not arising under title 11 or arising in a case under title 11,

with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, . . . if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. 1334(c)(2). Restated, the following conditions must be met to invoke mandatory abstention:

(1) The claim has no independent basis for federal jurisdiction, other than § 1334(b);

(2) the claim is a non-core proceeding, *i.e.*, it is related to a case under title 11 but does not arise under or in a case under title 11;

(3) an action has been commenced in state court; and

(4) the action could be adjudicated timely in state court.

*In re TXNB Internal Case*, 483 F.3d 292, 300 (5th Cir. 2007) (quoting *In re Rupp & Bowman Co.*, 109 F.3d 237, 239 (5th Cir. 1997)); *First Bank v. Arafat*, No. CIV.A. H-05-4337, 2006 WL 2612746, at *3 (S.D. Tex. Sept. 11, 2006); *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 782 (E.D. Tex. 2001); *Thomas v. R.J. Reynolds Tobacco Co.*, 259 B.R. 571, 576 (S.D. Miss. 2001). Here, the parties' sole dispute is whether Martinez-Garcia's state law tort claims are "core" or "non-core" proceedings.

Core matters are "[c]laims that 'arise under' the Bankruptcy Code or 'arise in' a bankruptcy case, whereas 'non-core' matters are claims that 'relate to' a bankruptcy case, but do not arise in a bankruptcy case or under the Bankruptcy Code." *WRT Creditors Liquidation Tr. v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 606 (S.D. Tex. 1999).

Proceedings "arising under title 11" . . . describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11. "[A]rising in" proceedings . . . [refer] to those "administrative" matters that arise only in bankruptcy cases. In other words, "arising in" proceedings are those that are not based on any right expressly created by title 11, but nevertheless, would have no existence outside of the bankruptcy. A matter is related to a bankruptcy

6

> proceeding if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."

*In re Galaz*, 665 F. App'x 372, 375 (5th Cir. 2016) (quoting *In re Wood*, 825 F.2d at 93, 96-97); *Broyles*, 266 B.R. at 783 (quoting *WRT Creditors Liquidation Tr.*, 75 F. Supp. 2d at 606).

A proceeding is core "if it invokes a substantive right provided by chapter 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Wood*, 825 F.2d at 97; *accord In re OCA, Inc.*, 551 F.3d 359, 367 (5th Cir. 2008). In contrast, a claim to determine a debtor's liability under state law, which "does not raise . . . primary issues such as dischargeability, allowance of the claim, or other bankruptcy matters," is a non-core proceeding. *In re Wood*, 825 F.2d at 98; *accord In re Southmark Corp.*, 163 F.3d 925, 931 (5th Cir.) (holding that chapter 11 debtor's malpractice suit against the accountant to the court-appointed examiner in debtor's reorganization case was a core proceeding because the professional malpractice claims alleged against the accountant were inseparable from the bankruptcy context), *cert. denied*, 527 U.S. 1004 (1999). "[A]s a dispute becomes progressively more remote from the concerns of the body of federal law claimed to confer federal jurisdiction over it, the federal interest in furnishing the rule of decision for the dispute becomes progressively weaker." *In re Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1995) (quoting *Zerand-Bernal Gr., Inc. v. Cox*, 23 F.3d 159, 162 (7th Cir. 1994)); *see In re Wood*, 825 F.2d at 97 (distinguishing claims instituted by filing a proof of claim under the bankruptcy rules, which invoke the "special rules of bankruptcy concerning objections to the claim, estimation of the claim for allowance purposes, and the rights of the claimant to vote on the proposed distribution," as core proceedings). Nevertheless, cases that require a court to interpret an order of the bankruptcy court are core proceedings. *In re Nat'l Gypsum Co.*, 118 F.3d 1056, 1064 (5th Cir. 1997) (concluding that the

7

interpretation of a bankruptcy court's order approving a plan of reorganization is a core proceeding); *In re Case*, 937 F.2d 1014, 1018 (5th Cir. 1991) (holding that the interpretation of a note executed as part of a reorganization plan was a core proceeding); *Martin*, 2013 WL 5308245, at *5 (holding that interpretation of the CarCo MTA is a core proceeding and finding mandatory abstention would be improper).

Notwithstanding the fact that FCA's liability, if any, arises solely from its express assumption of such liability in the MTA, Martinez-Garcia maintains that her claims do not implicate interpretation of the MTA because she has not asserted a claim for exemplary or punitive damages. In other words, Martinez-Garcia contends that because she seeks to hold FCA liable only for causes of action expressly assumed by the MTA,[1] the court will not be required to interpret the MTA. Even if Martinez-Garcia is correct, and she has pleaded only causes of action expressly assumed in the MTA, rendering the interpretation of the MTA a simple task, interpretation is required nonetheless. *See White*, 579 B.R. at 811 (noting that FCA's raising the damages exclusion reinforces the point that this case relates to the CarCo bankruptcy proceeding as does plaintiff's obligation to show that the claims asserted are not precluded by express exceptions laid out in the bankruptcy sale order). Therefore, the court concludes that Martinez-Garcia's claims involve a core preceding and mandatary abstention is not required. *See Powell v. FCA US LLC*, No. 3:15-CV-393-WHA, 2015 WL 5014097, at *4 (M.D. Ala. Aug. 21, 2015).

---

[1] FCA maintains that under the MTA it cannot be held liable for intentional fraud, violations of the DTPA, civil conspiracy, negligent misrepresentation, or gross negligence. Thus, Martinez-Garcia's contention that this case will not require interpretation of the MTA appears to be factually inaccurate.

8

2. <u>Discretionary Abstention and Equitable Remand</u>

Discretionary abstention, also referred to as permissive abstention, allows a court to abstain from hearing a particular proceeding arising in or related to a bankruptcy case in the "interest of comity with State courts or respect for State law." *Broyles*, 266 B.R. at 784; 28 U.S.C. § 1334(c)(1). In addition, a federal district court may remand a claim related to a bankruptcy case that has been removed to federal court on any equitable ground. 28 U.S.C. § 1452(b).

> Title 28 U.S.C. §§ 1452(b) (remand) and 1334(c) (abstention) are kindred statutes and the analysis under each have considerable overlap. . . . Together, §§ 1452(b) and 1334(c) strongly evince a congressional policy that, absent countervailing circumstance, the trial of state law created issues and rights should be allowed to proceed in state court, at least where there is no basis for federal jurisdiction independent of § 1334 and the litigation can be timely completed in state court.

*J.T. Thorpe Co. v. Am. Motorists*, No. CIV.A. H-02-4598, 2003 WL 23323005, at *6 (S.D. Tex. June 9, 2003). "[C]ourts have broad discretion to abstain from hearing state law claims whenever appropriate in the interest of justice, or in the interest of comity with State courts or respect for State law." *Broyles*, 266 B.R. at 784.

A court may abstain at its discretion from hearing, or remand on any equitable ground, a core or non-core proceeding. *Id.* at 784-85. In evaluating discretionary abstention and equitable remand, a court typically considers the following fourteen factors:

> (1) [T]he effect or lack thereof on the efficient administration of the estate if the [c]ourt recommends abstention [or remand];
>
> (2) extent to which state law issues predominate over bankruptcy issues;
>
> (3) difficulty or unsettled nature of the applicable law;
>
> (4) the presence of related proceedings commenced in state court or other nonbankruptcy proceeding;
>
> (5) jurisdictional basis, if any, other than § 1334;

9

(6) degree of relatedness or remoteness of proceeding to main bankruptcy case;

(7) the substance rather than the form of an asserted core proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden of the bankruptcy court's docket;

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of nondebtor parties;

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

*Kelly Grimsley Real Estate Ltd. v. McMahon*, No. 4:16-CV-806, 2016 WL 7326748, at *2-3 (E.D. Tex. Dec. 16, 2016); *Arafat*, 2006 WL 2612746, at *4; *Broyles*, 266 B.R. at 785; *In re Houston Reg'l Sports Network, L.P.*, 514 B.R. 211, 215 (Bankr. S.D. Tex. 2014); *Special Value Continuation Partners, L.P. v. Jones*, No. ADV 11-3304, 2011 WL 5593058, at *7-8 (Bankr. S.D. Tex. Nov. 10, 2011).

In the current case, the first factor strongly favors FCA because the MTA struck a delicate balance between protecting the rights of creditors asserting claims in the CarCo bankruptcy and the rights of future claimants. A federal court is in the best position to ensure any judgment in this case is consistent with the balance struck by the MTA, the federal bankruptcy system, and the policy of ensuring that future agreements, like the MTA, can and will be effectively enforced. The second factor is neutral or slightly favors FCA. As the parties' briefing makes clear, the interpretation of the MTA is hotly contested. Therefore, it cannot be said that state law issues

predominate over bankruptcy issues. The third factor favors FCA, as the only unsettled law is the application of the MTA to the claims Martinez-Garcia asserts. In view of the fact that there is no parallel litigation in this case, the fourth factor also favors FCA. The fifth and sixth factors favor Martinez-Garcia because § 1334 provides the only basis for federal jurisdiction and the current case is far removed in time from the CarCo bankruptcy. The seventh factor favors FCA because the court's interpretation of the MTA is central to the viability of Martinez-Garcia's claims and is highly contested. The eighth factor favors FCA because FCA's liability, if any, arises solely from the MTA. The ninth factor is neutral, as neither party has presented anything more than conclusions and conjecture on the issue. The tenth factor slightly favors Martinez-Garcia because FCA arguably engaged in forum shopping, albeit expressly permitted by § 1334. A jury trial is available in both federal and state court. A federal forum will not prejudice non-debtor parties, nor will it have a negative effect on comity between state and federal courts. Therefore, the last four factors are all neutral.

While some factors support Martinez-Garcia's argument that equitable remand is appropriate, the court finds them unpersuasive in light of the strength of the countervailing factors that weigh against remand. The majority of courts addressing this issue have reached the same conclusion.

> In past Chrysler warranty litigation, courts have often been invited to abstain. Yet, these requests, while frequently made, are rarely embraced by the courts, which have consistently recognized three important considerations: First, these warranty claims involve "core proceedings" in bankruptcy, and are, therefore, not subject to mandatory abstention. Second, the permissive abstention provided for under § 1334(c) for cases that relate to bankruptcy "core proceedings" rest in the sound discretion of the court. Third, in the exercise of this discretion in Chrysler warranty lawsuits, courts have consistently favored an approach which recognizes the importance of consistent treatment of claims across the nation that may be affected by the Chrysler bankruptcy, and have declined to abstain from asserting

11

federal jurisdiction and permitting piecemeal litigation of those claims in state courts.

*Ritter v. Chrysler Grp., LLC*, No. 4:13-CV-2123, 2013 WL 7175621, at *3 (M.D. Pa. Oct. 28, 2013); *see White*, 579 B.R. at 812 ("In *Cohens v. Virginia*, Chief Justice Marshall famously cautioned: 'It is most true that this Court will not take jurisdiction if it should not: but it is equally true, that it must take jurisdiction if it should. . . . We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given.'" (quoting *Marshall v. Marshall*, 547 U.S. 293, 298-99 (2006) (quoting 6 Wheat. 264, 404, 5 L.Ed. 257 (1821)))). Accordingly, the court declines Martinez-Garcia's invitation to exercise its discretion to abstain from adjudicating this case.

III. Conclusion

Consistent with the foregoing analysis, Martinez-Garcia Motion to Remand to State Court (#3) is DENIED.

SIGNED at Beaumont, Texas, this 20th day of December, 2013.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE